IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Kelvin Jerome Durham, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) )  Civil Action No. 7:19-cv-2575-TMC |
| Union County; David Taylor, *individually and in his Official Capacity*; Wendy Childers, *individually and in her Official Capacity*; Brad Woods, *individually and in his Official Capacity*; and John Sherfield, *individually and in his Official Capacity*, | ) **ORDER** ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

Plaintiff Kelvin Jerome Durham, represented by counsel, originally brought this action in South Carolina state court against Defendants, asserting state law claims for malicious prosecution, gross negligence, and violations of state civil rights, as well as federal claims pursuant to 42 U.S.C. § 1983 for violations of Plaintiff's Fourth, Fifth, and Fourteenth Amendment Rights, and a claim under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). (ECF No. 1-1 at 6–13). On September 12, 2019, Defendants removed the action to this Court based on federal question jurisdiction arising from Plaintiff's § 1983 claims. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(d), (f) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings.

On May 10, 2021, Defendants filed a joint motion for summary judgment. (ECF No. 46). On July 1, 2021, Plaintiff filed a response in opposition to Defendants' motion (ECF No. 51) and Defendants filed their reply on July 22, 2021 (ECF No. 54). Now before the court is the magistrate

judge's Report and Recommendation ("Report"), recommending that the court grant Defendants' motion for summary judgment as to Plaintiff's § 1983 claims, his *Monell* claim, and his state-law claim for malicious prosecution. (ECF No. 56 at 20). The Report further recommends that the court decline to exercise supplemental jurisdiction over the remaining state law claims, and that such claims be remanded to the Union County, South Carolina Court of Common Pleas. *Id*. All parties are represented by counsel and are, therefore, presumed to be on notice of their right to file specific objections to the Report. *Young v. Berryhill*, Civ. A. No. 2:16-cv-03437-JMC, 2018 WL 689711, at *1 (D.S.C. Feb. 1, 2018). However, to date, no objections have been filed and the time in which to do so has now expired. Accordingly, this matter is ripe for review.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Thus, having reviewed the Report and the record and, finding no clear error, the court agrees with, and wholly **ADOPTS**, the magistrate judge's findings and recommendations in the Report (ECF No. 56), which is incorporated herein by reference. Accordingly, the court **GRANTS in part** Defendants' motion for summary judgment (ECF No. 46). Specifically, the court **GRANTS** the motion as to Plaintiff's federal claims under *Monell* and § 1983 as well as his state-law claim for malicious prosecution. As to Plaintiff's remaining state-law claims for gross negligence and violation of the South Carolina constitution, the court declines to exercise supplemental jurisdiction over these claims pursuant to 28 U.S.C. § 1367(c)(3) and they are hereby **REMANDED** to the Union County Court of Common Pleas. Accordingly, Defendants' motion for summary judgment as to the remaining state-law claims is **DENIED as moot**.

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

Anderson, South Carolina
September 21, 2021

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.